CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 27, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM LEE ANDERSON, II,          ) | |
|     Plaintiff,                                     ) | Civil Action No. 7:22cv612 |
|                                                       ) | |
| v.                                                      ) | OPINION and ORDER |
|                                                       ) | |
| DR. LAURANCE S. C. WANG, et al., ) | By: Robert S. Ballou |
|     Defendants.                                ) | United States District Judge |

      William Lee Anderson, II, a Virginia inmate proceeding *pro se*, has filed a Complaint (ECF No. 1, supplemented by ECF No. 4–5) against the defendants under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Defendant Dr. Mark Amonette has filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 24) and a Motion to Dismiss for Failure to Prosecute (ECF No. 98). Anderson has not filed a direct response to the Rule 12(b)(6) motion but filed a response to the Motion to Dismiss for Failure to Prosecute (ECF No. 107). Upon consideration of the law and pleadings herein, I will grant the Rule 12(b)(6) Motion to Dismiss and dismiss the later motion as moot.

      Anderson's suit against the defendants arises out of a severe colon infection he suffered from December 2021 through January 2022. Anderson was hospitalized from December 27, 2021, until December 30, 2021, when he was released to return to the correctional center and directed to complete the 14-day course of treatment with Flagyl that had been started during his hospital stay. Defendant Wang is the doctor who provided Anderson's care at the prison, and Anderson alleges that Dr. Wang did not provide him the prescribed medications until the evening of January 7, 2022, more than one week after his release from the hospital. By then, Anderson's symptoms had returned severely. Anderson has provided documentation that he filed informal

complaints on January 2 and January 4 about not yet receiving the medications prescribed by the hospital.

Anderson alleges that defendant Amonette, as the medical director of the entire Virginia Department of Corrections (VDOC), is Wang's supervisor. He further alleges that Amonette was aware of the inadequate treatment Anderson received because Amonette got copies of his complaints and grievances when he appealed to the regional ombudsman in Richmond. Anderson states that Amonette "turned a blind eye" to the serious medical danger that Amonette suffered because of Wang's inaction.

To state a claim for supervisory liability, a plaintiff must allege facts showing that (1) the supervisor had actual or constructive knowledge that his subordinate was engaging in conduct that posed a "pervasive and unreasonable risk" of constitutional harm to persons like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate that one could infer deliberate indifference to or tacit authorization of the improper conduct; and (3) a causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Anderson has not met this burden.

Anderson attached copies of numerous complaints and grievances as exhibits A – K to his Complaint in this case. *See* ECF No. 1-2 at 1 – 33. The copies document the dates written and the responses. They are also date-stamped by various departments on receipt, including the Grievance Office, Office of Health Services, and Ombudsman. Significantly, every page stamped received by the Ombudsman is dated June 9, 2022, including Anderson's earliest written complaints on January 2 and January 4. *Id.* At 29, 30. By June 9, 2022, Anderson had long ago received his antibiotic and recovered from the acute stage of his infection. Knowledge of inadequate treatment after it has already occurred is not sufficient to show that Amonette had any

2

reasonable opportunity to intervene.  Further, there can be no causal link between any action or inaction by Amonette in June 2022 and the constitutional injury alleged to have occurred in December 2021 and January 2022.  Thus, Anderson has failed to state a claim for supervisory liability under § 1983.

Liability cannot be based solely upon the allegation that Amonette was Wang's supervisor.  Government officials are not liable for the unconstitutional conduct of their subordinates under *respondeat superior* or similar theories of vicarious liability.  *King v. Riley*, 76 F. 4th 259, 269 (4th Cir. 2023).  A defendant can be held liable under § 1983 only for his own personal violation of a plaintiff's constitutional rights.  That is why "supervisory liability" under § 1983 requires knowledge of the situation, deliberate indifference, and a causal relationship between the defendant's indifference and the harm suffered by the plaintiff.  *Id*.  Anderson has made no such showing against Amonette.

For these reasons, Amonette's Rule 12(b)(6) Motion to Dismiss (ECF No. 24) is **GRANTED**; the Motion to Dismiss for Failure to Prosecute (ECF No. 98) is **DISMISSED as moot**.  Amonette is REMOVED as a defendant in this suit.

Enter:  August 27, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge