CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM LEE ANDERSON, II, ) | |
|     Plaintiff, ) | Civil Action No. 7:22cv00612 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DR. LAURENCE SHU CHANG WANG, ) | By: Robert S. Ballou |
|     Defendant. ) | United States District Judge |

Plaintiff William Lee Anderson, II, a Virginia inmate proceeding *pro se*, has filed a Motion to Exclude Defendant's Expert as Sanctions for Failing to Comply with Discovery (ECF No. 178), a Motion for Sanctions against Green Rock Correctional Center (ECF No. 166), and a Motion for Summary Judgment (ECF No. 159). The defendant has responded to all motions, and Green Rock has responded to the motion filed against it, making all three motions ripe for consideration. For the reasons stated below, I will deny the motions.

## I. Motion to Exclude Defendant's Expert

Anderson has filed Motions to Compel, subpoenas duces tecum, and affidavits insisting that Dr. Wang and others on his behalf have failed and refused to provide video of his time in the medical holding cell on January 6 to January 7, 2022, and have refused to provide him with copies of medical records from Gretna Urgent Care. Each time, Anderson has speculated about nefarious motives of the defendant to cover up his wrongdoing. He now seeks sanctions for this alleged disobedience to the court's orders.

Rule 34 authorizes parties in civil litigation to serve on other parties a request for production of documents and other tangible items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Far from ignoring Anderson's request, Dr. Wang has repeatedly and consistently responded to Anderson's discovery requests by stating that he does

not have any copies of medical records from Gretna Urgent Care, except to the extent that those records were incorporated into the Lynchburg General Hospital records already provided to Anderson. *See* ECF Nos. 71 and 89. In response to a previous motion for sanctions filed by Anderson, the court denied the motion, noting that defendant had "repeatedly responded that they possess no such medical records." ECF No. 97. While Anderson's confinement may make it more difficult for him to obtain medical records from third parties, the rules of discovery do not allow him to require a defendant to get records from a third party on Anderson's behalf.

The same applies to video footage of the medical holding cell. Co-defendant's counsel informed Anderson that, upon making reasonable inquiries to the DOC, she was informed that there was no available video footage. ECF No. 59. Dr. Wang advised that he had no knowledge of any video footage, and that as a physician hired to provide medical services, he did not have custody or control over security videos in the prison. ECF No. 71. When Green Rock Correctional Center responded to the Motion for Sanctions regarding failure to produce video footage in response to subpoena, Green Rock stated that none of the requested video footage from January 2022 was available; Green Rock learned about the lawsuit in March 2023, and any video that may have existed had long since been recorded over by then. ECF No. 170. Dr. Wang is not required to produce something that is not in his possession, and he certainly cannot provide something that does not currently exist.

Dr. Wang did not fail and refuse to cooperate with discovery, so sanctions are not appropriate, certainly not exclusion of his expert witness for trial.

II. MOTION FOR SANCTIONS AGAINST GREEN ROCK CORRECTIONAL CENTER

Anderson filed a Motion for Sanctions against Green Rock for failing to produce videos requested in a subpoena duces tecum. Green Rock responded to the motion by stating that they

had searched for the videos again, even though they had previously advised that no such video existed. They did not produce any video in response to the subpoena because none existed. ECF No. 170. While the better practice might have been to respond to the subpoena in writing that no such video existed, Green Rock has explained that its failure to produce the video was not in disregard of the court's subpoena, but a function of the fact that the requested items did not exist.

At any rate, sanctions under FED. R. CIV. P. 37 are not appropriate, because Rule 37 applies only to *parties* who fail to comply with discovery. Green Rock Correctional Center is not and never has been a party to this suit. I will not impose sanctions against them.

### III. MOTION FOR SUMMARY JUDGMENT

A court may grant summary judgment only "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the evidence presented would be sufficient to allow the nonmoving party to prevail at trial. *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024).

Admittedly, there are some undisputed facts in Anderson's favor, as discussed in the court's opinion of August 27, 2024, denying Dr. Wang's Motion for Summary Judgment. There are, however, some disputed facts that a jury will need to resolve: When Anderson's symptoms returned after his discharge from Lynchburg General Hospital; when he was first seen by Dr. Wang after his return to Green Rock; his physical condition when Dr. Wang saw him; how long Anderson continued to suffer symptoms when his condition worsened; and whether Anderson's recurring symptoms were caused by the eight-day delay in continuing his antibiotic treatment. Anderson and Dr. Wang have conflicting versions of these factual details, and it is up to the jury to decide, based on the testimony and all the other evidence, who to believe.

This case is not appropriate for summary judgment.

## IV. Conclusion

For the reasons stated, I will deny Anderson's Motion to Exclude the Defendant's Expert Witness, Anderson's Motion for Sanctions against Green Rock Correctional Center, and Anderson's Motion for Summary Judgment.

An appropriate order will be entered this day.

Enter: April 22, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge